UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
DAOUD ABUROMI, :
:
:
Petitioner, :
: 05 Civ. 6089 (GEL)
-v.- :
: **OPINION AND ORDER**
UNITED STATES OF AMERICA, :
:
Respondent. :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

     On May 2, 2003, this Court sentenced petitioner Daoud Aburomi to a total of 63 months of imprisonment, following his conviction by plea of guilty to various counts of conspiracy to commit wire fraud, wire fraud, and money laundering, in accordance with the United States Guidelines, which were then understood to be mandatory and constitutional. Aburomi did not object to the Court's finding the facts underlying the guideline calculation – indeed, he affirmatively sought a sentencing hearing before the Court to contest factual allegations made by the Government – nor did he appeal his sentence.

     On or about June 22, 2005, Aburomi filed this petition to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that his sentencing was unconstitutional under the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Since "it plainly appears from the motion . . . and the prior proceedings that the moving party is not entitled to relief," the petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Supreme Court decisions on which Aburomi relies do not apply retroactively to convictions that were final at the time they were decided. Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005). In this case, the judgment of conviction had been final for more than a year and a half by the time the Supreme Court invalidated the procedures under which Aburomi was sentenced. Established Second Circuit law thus precludes Aburomi from advancing his claim for resentencing, even if that claim had merit.

Moreover, in this case, as in Smirlock v. United States, 04 Civ. 9670 (GEL), 2005 WL 975875 (S.D.N.Y. Apr. 25, 2005), the Court would be remiss to leave any impression that a potentially meritorious claim was being ignored on a procedural technicality. Even if Aburomi were given the full benefit of Booker as applied in this Circuit, he would be entitled to no relief. As interpreted in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), even in cases still pending on direct appeal, Booker does not require resentencing where the trial court imposed a mandatory sentence under the guidelines without objection from the defendant, unless the sentencing court determines that the sentence imposed would have been "nontrivially different" had it correctly applied the guidelines only as advisory, and thus considered the sentence in accord with the factors set forth in 18 U.S.C. § 3553(a). Crosby, 397 F.3d at 118, 119. In this case, there is no question that the Court would have imposed the same sentence had the case not been governed by the guidelines.

The sentence in this case was hardly a mechanical application of the guidelines, in which the Court ignored factors relevant to sentencing under the compulsion of the guidelines. Aburomi vigorously argued the extent of his participation in the scheme, and sought a departure based on family circumstances. The Court was thus fully aware of the circumstances both of the

offense and the offender. After considering these factors fully, the Court emphasized that "the sentence called for by the guidelines is an appropriate range." (May 2, 2003 Sentencing Tr. at 43.) While the Court imposed a sentence at the bottom of that range, it declined the invitation to depart below the range, not because of any legal compulsion, but because the Court, while recognizing its authority to depart (id. 42), believed that the guideline sentence "[was] the appropriate one for the crime and that to sentence [Aburomi] to anything less would not serve the purposes of sentencing." (Id. 43.) In other words, the Court considered the traditional purposes of sentencing, including the factors set forth in 18 U.S.C. § 3553(a). The Court determined that the need for punishment and deterrence, in light of the fact that "this defendant played a significant part in a very serious crime" (id. 42), and the need to treat similar defendants similarly, as reflected by the guideline recommendation and the fact that a co-defendant received a similar sentence (id. 43), required a sentence at the level imposed.

In short, Aburomi received the sentence that the Court believed, and still believes, he deserved, in light of the seriousness of the offense, "a crime whose magnitude is mismeasured by the millions of dollars that were at stake, because what was really at stake was people's health." (Id. 42.) The Guidelines were useful in reaching that conclusion, but they did not dictate the result. If Aburomi were sentenced under the post-Booker advisory guidelines regime, his sentence would be exactly the same. For this reason, and because in any event Booker does not apply retroactively, Aburomi's petition is dismissed.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2).

3

SO ORDERED.

Dated: New York, New York
July 26, 2005

_____
GERARD E. LYNCH
United States District Judge

Copy to:
Daoud Aburomi
Reg. # 50270-054
Federal Correctional Institute
P.O. Box 7000
Fort Dix, NJ 08640